UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| METAQUOTES LTD., a Republic of Cyprus limited corporation, and METAQUOTES SOFTWARE CORP., a Commonwealth of the Bahamas corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>METAQUOTES SOFTWARE CORP., a California corporation, STANDARD FINTECH CONSULTING, INC., a California corporation, FXCA MARKETS LIMITED, a dissolved California corporation, PEIJIE LIU, an individual, and JIAN HE, an individual, and DOES 1-20, inclusive,<br><br>Defendants. | Case No.: 8:22-cv-00462-SB-DFM<br><br>**JOINT [PROPOSED] ORDER ENTERING A PRELIMINARY INJUNCTION AGAINST JIAN HE** |

Pursuant to the Court's April 22, 2022, Minute Order, Plaintiffs state that Defendant Jian He agrees in form to the proposed injunction set forth below in full.

1

Having considered the papers filed and arguments presented in connection with the Order to Show Cause Why Preliminary Injunction Should Not Issue as filed by Plaintiffs, MetaQuotes Ltd. and MetaQuotes Software Corporation ("Plaintiffs"), and good cause appearing therefore, the Court **GRANTS** Plaintiffs' request for a preliminary injunction as follows and hereby **ORDERS** that:

Defendant, Jian He, and any agents, employees, attorneys, and all persons in active concert with him are enjoined and restrained for the pendency of this action from:

1. Using Plaintiffs' METAQUOTES trademarks or any reproductions, counterfeit copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any products that are not a genuine version of Plaintiffs' products, services, software;

2. Passing off or enabling others to pass off any products, services, or documents not produced by or under the authorization of Plaintiffs as genuine METAQUOTES products, services, or documents (including bills or invoices) produced by Plaintiffs;

3. Committing any acts calculated to cause consumers to believe that Defendant's products, services, software, marketing materials, or financial documents (including bills or invoices) are those sold or offered under the authorization, control, or supervision of Plaintiffs, or are sponsored by, approved by, or otherwise associated with Plaintiffs; or

4. Further infringing Plaintiffs' METAQUOTES trademarks and damaging Plaintiffs' goodwill.

It is further **ORDERED** that:

1. Defendant, Jian He, and any persons in active concert or participation with him or acting on his behalf, are restrained and enjoined during the pendency of this action from transferring or withdrawing of any money or other assets accessible to him, or that are owned or controlled by him, including, but not

limited to assets held in a bank accounts or kept in safety deposit boxes with any bank or other similar institution.

Notwithstanding this injunction, Jian He shall be permitted to make deposits, without limitation, into any bank account held by him. In addition, Jian He may make one or more transfers, withdrawals, or disposals of amounts per month, which in the aggregate shall not exceed $8,000, for expenses. For purposes of this Order, "per month" shall mean from the first day of a given calendar month until the last day of that calendar month the total aggregate amount of assets that may be withdrawn, transferred, or disposed of during that period shall not exceed $8,000. In order to ensure compliance with this carve-out, Jian He must provide bank statements or other documentation reflecting amounts transferred or withdrawn by Mr. He from any other financial institution as of the date of this Order going forward, within three (3) business days if requested by Plaintiffs' counsel. Plaintiffs and Plaintiffs' counsel agree to keep all bank statements or other financial records received pursuant to this Order confidential and to destroy all such documents at the conclusion of this Action.

Other than this limited carve-out for expenses, the preliminary injunction shall remain in full effect until the conclusion of this action, or a further order of the Court is issued.

2. Any banks, savings and loan associations, payment processors, or other financial institutions for Defendant Jian He within two (2) business days of receipt of this Order shall:

a. locate all accounts and funds connected to Defendant Jian He; and

b. restrain and enjoin such accounts from, transferring, withdrawing, or disposing of any money or other assets from such accounts until expiration of this preliminary injunction or a further order of this Court is issued, except for the carve-out amount shown in section 1 above.

      c. Notwithstanding this Order including Section 2.b., Jian He shall be permitted to make deposits, without limitation, into any bank account held by him.

      3. Any third party who is providing services for Defendant Jian He and receives notice of this Order, within five (5) business days after receiving notice shall provide to Plaintiffs the following expedited discovery:

      a. a statement describing the nature of Defendants' operations for which the third party is providing services and the nature of the services provided;

      b. identification of any bank accounts or other financial accounts owned or controlled by Defendants, including the account number and name of each account, of which the third party is aware;

      c. identification of any websites, addresses, and email addresses used by Defendants in connection with the operations for which the third party is providing services.

**IT IS SO ORDERED.**

Dated: _____, 2022

                                                Stanley Blumenfeld, Jr.
                                                United States District Judge