PATRICK HAMMON (255047)
MATTHEW SCHECHTER (212003)
ANDREW PARKHURST (324173)
McMANIS FAULKNER
a Professional Corporation
50 West San Fernando Street, 10th Floor
San Jose, California 95113
Telephone: (408) 279-8700
Facsimile: (408) 279-3244
Email: phammon@mcmanislaw.com

Attorneys for Plaintiffs,
METAQUOTES LTD. and
METAQUOTES SOFTWARE CORP.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| METAQUOTES LTD., a Republic of Cyprus limited corporation, and METAQUOTES SOFTWARE CORP., a Commonwealth of the Bahamas corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>METAQUOTES SOFTWARE CORP., a California corporation, STANDARD FINTECH CONSULTING, INC., a California corporation, FXCA MARKETS LIMITED, a dissolved California corporation, PEIJIE LIU, an individual, and JIAN HE, an individual, and DOES 1-20, inclusive,<br><br>Defendants. | Case No.: 8:22-cv-00462-SB-DFM<br><br>**PLAINTIFFS' *EX PARTE* APPLICATION FOR PERMISSION (1) TO SERVE DEFENDANTS METAQUOTES SOFTWARE CORP. AND FXCA MARKETS LIMITED VIA THE CALIFORNIA SECRETARY OF STATE; (2) TO SERVE DEFENDANT PEIJIE LIU VIA PUBLICATION; AND (3) TO EXTEND THE TIME FOR SERVICE**<br><br>Ctroom: 6C<br>Judge: Hon. Stanley Blumenfeld, Jr. |

1  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2  PLEASE TAKE NOTICE THAT Plaintiffs, MetaQuotes Ltd. and
3  MetaQuotes Software Corp. (collectively "Plaintiffs") hereby apply *ex parte*,
4  pursuant to Local Rule 7-19, Federal Rule of Civil Procedure 4(h)(1)(A), and
5  California Corporations Code section 1702 for an order that service of the
6  Summons and Complaint be permitted upon Defendants MetaQuotes Software
7  Corporation and FXCA Markets Limited by delivering by hand to the Secretary of
8  State, or to any person employed in the Secretary of State's office in the capacity
9  of assistant or deputy, one copy of the process to be served on Defendants
10 MetaQuotes Software Corporation and FXCA Markets Limited.

11 Plaintiffs also apply *ex parte*, pursuant to pursuant to Local Rule 7-19,
12 Federal Rules of Civil Procedure 4(e)(1) and 4(m), and California Code of Civil
13 Procedure section 415.50, for an order granting leave to serve the Summons and
14 Complaint upon Defendant Peijie Liu ("Liu") by publication as well as to
15 enlarging the time to effectuate service of process on Liu.

16 On June 28, 2022, Matthew Schechter, counsel for Plaintiffs, and Quincy
17 Chuck (Maschoff Brennan, 100 Spectrum Center Drive, Suite 1200, Irvine,
18 California 92618, (949) 202-1900, qchuck@mabr.com), counsel for defendant Jian
19 He, met via videoconference and thoroughly discussed the substance and potential
20 resolution of Plaintiffs' *ex parte* application.  Mr. Chuck stated that he did not
21 oppose the application.

22 DATED: June 30, 2022  McMANIS FAULKNER

23

24 */s/ Matthew Schechter*
   PATRICK HAMMON
   MATTHEW SCHECHTER
25 ANDREW PARKHURST

26 Attorneys for Plaintiffs,
   METAQUOTES LTD. and
27 METAQUOTES SOFTWARE CORP.

28

# TABLE OF CONTENTS

INTRODUCTION ........................................................................................... 6

BACKGROUND ............................................................................................. 7

LEGAL ARGUMENT...................................................................................... 8

    I.    Defendants MSC and FXCA ......................................................... 8

    II.   Defendant Peijie Liu ..................................................................... 11

CONCLUSION............................................................................................... 13

3

PLAINTIFFS' *EX PARTE* APP TO SERVE METAQUOTES SOFTWARE CORP. AND FXCA MARKETS LTD. VIA THE CA SEC. OF STATE, AND LIU VIA PUBLICATION; Case No.:  8:22-cv-00462-SB-DFM

# TABLE OF AUTHORITIES

**CASES**

*Cisco Sys., Inc. v. Shaitor*,
  No. 18-CV-00480-LB, 2018 WL 3109398 (N.D. Cal. June 25, 2018) ............... 12

*Donel, Inc. v. Badalian*,
  87 Cal.App.3d 327 (1978) ................................................................................... 9

*Estate of Smith v. City of San Diego*,
  No. 16-cv-2989-WQH-MDDx, 2017 WL 3175975 (S.D. Cal. 2017) ................... 9

*Giorgio v. Synergy Mgmt. Grp., LLC*,
  231 Cal.App.4th 241 (2014) ................................................................................ 9

*Gnathonic, LLC v. Dingman*,
  No. 19-cv-01502-VAP-SSx, 2019 WL 13166751
  (C.D. Cal. Oct. 2, 2019) ................................................................................ 9, 12

*Rio Properties, Inc. v. Rio International Interlink*,
  284 F.3d 1007 (9th Cir. 2002) ........................................................................... 12

*Roland Corp. v. Wirges Percussion Sys. LLC*,
  No. CV 08–4785 GAF (MANx), 2008 WL 11340331
  (C.D. Cal. Dec. 10, 2008) ............................................................................ 10, 11

**STATUTES**

Cal. Code Civ. Proc. § 413.30 ............................................................................... 12

Cal. Code Civ. Proc. § 415.50 ...................................................................... 2, 6, 11

Cal. Code Civ. Proc. § 415.50(a) ........................................................................... 11

Cal. Code Civ. Proc. § 415.50(a)(1) ...................................................................... 11

Cal. Code Civ. Proc. § 415.50(b) ........................................................................... 11

Cal. Code Civ. Proc. § 416.10 ................................................................................. 8

Cal. Code Civ. Proc. § 416.10(a) ............................................................................. 9

Cal. Code Civ. Proc. § 416.10(b) ............................................................................. 9

Cal. Code Civ. Proc. § 416.10(c) ............................................................................. 9

4

PLAINTIFFS' *EX PARTE* APP TO SERVE METAQUOTES SOFTWARE CORP. AND FXCA MARKETS LTD. VIA THE CA SEC. OF STATE, AND LIU VIA PUBLICATION; Case No.: 8:22-cv-00462-SB-DFM

Cal. Code Civ. Proc. § 416.10(d) ................................................................................8

Cal. Corp. Code § 1701 .................................................................................................8

Cal. Corp. Code § 1702 .........................................................................................2, 6, 8

Cal. Corp. Code § 1702(a)......................................................................................9, 10

Cal. Corp. Code § 2110 .................................................................................................8

Cal. Corp. Code § 2111 .................................................................................................8

Cal. Gov. Code § 6064 ................................................................................................11

**RULES**

Federal Rule of Civil Procedure 4(d) .........................................................................7

Federal Rule of Civil Procedure 4(e)(1)..............................................................2, 6, 8

Federal Rule of Civil Procedure 4(h)(1)(A) .......................................................2, 6, 8

Federal Rule of Civil Procedure 4(m) ............................................................2, 6, 11

# MEMORANDUM OF POINTS AND AUTHORITIES

# INTRODUCTION

Plaintiffs, MetaQuotes Ltd. and MetaQuotes Software Corporation (collectively "Plaintiffs"), seek an order, pursuant to Federal Rule of Civil Procedure 4(h)(1)(A) and California Corporations Code section 1702, permitting service of process be made upon Defendants, MetaQuotes Software Corporation ("MSC") and FXCA Markets Limited ("FXCA"), via service on the California Secretary of State.

Plaintiffs also seek and order, pursuant to Federal Rules of Civil Procedure 4(e)(1) and 4(m) and California Code of Civil Procedure section 415.50, permitting service of process be made on Defendant Peijie Liu ("Liu") via publication in the Orange County Register and/or the Chinese Daily News (also known as the World Journal), as well as to enlarge the time to effectuate service of process on Liu.

Plaintiffs have undertaken exhaustive efforts to serve MSC, FXCA, and Liu (collectively "Defendants"). Plaintiffs have paid for a process server to attempt service on Defendants seven separate times during usual business hours only to find a small empty suite with no one present. Liu is the registered agent, CEO, CFO, Director, and Secretary for MSC. The Irvine Avenue location is the business address listed for Liu as to each of those roles, and it is listed as the principal and mailing address for MSC and FXCA. Plaintiffs have exercised reasonable diligence in attempting to have Defendants served.

Plaintiffs respectfully request that the Court grant this *ex parte* application and issue and an order permitting service on MSC and FXCA by service on the California Secretary of State under California Corporations Code section 1702, and permitting service on Liu by publication under California Code of Civil Procedure Section 415.50 in conjunction with a 45 day extension to the time to serve him.

///

///

# BACKGROUND

Plaintiffs filed this action on March 28, 2022, and were able to serve Defendants Jian He and Standard Fintech Consulting shortly thereafter. Plaintiffs also attempted to serve MSC, FXCA, and Liu, at or around the same time by engaging a process server agency – First Legal – located in Southern California. (Declaration of Matthew Schechter in support of Plaintiffs' *Ex Parte* Application ("Schechter Decl."), ¶ 2.) Between March 31 and April 15, 2022, First Legal made a total of seven attempts across five different days to serve MSC and FXCA at the address: 3300 Irvine Ave., Suite 220, Newport Beach, CA 92660. (*Id.*) This address was listed on the California Secretary of State's website as the company's principal and mailing address. (*Id.*) It was also the business address listed for Liu who was the CEO, Director, and agent for service of process of MSC. (*Id.*) Plaintiffs did not have a home address for Liu.

Each time First Legal attempted to serve Defendants at the Irvine Avenue location, there was no one present at the office. (*Id.* at ¶ 3 and Exhs. A, B, and C.) First Legal was unable to serve Defendants at any of the seven service attempts. (*Id.*) Every attempt to serve Defendants was made during usual office hours. (*Id.*)

On May 5, 2022, pursuant to Federal Rule of Civil Procedure 4(d), Plaintiffs attempted service via certified first-class mail with return receipt requested, by sending MSC, FXCA, and Liu a Notice of a Lawsuit and Request to Waive Service of Summons, a Waiver of the Service of Summons, and a postage-paid return envelope. (Schechter Decl., ¶ 4 and Exhs. D, E, and F.) All three packages were mailed to 3300 Irvine Ave., Suite 220, Newport Beach, CA 92660. (*Id.* at ¶ 4.) At the time of mailing, the California Secretary of State's business search website listed that address as (a) Liu's business address; (b) the address for both MSC's and FXCA's agent for service of process; and (c) the principal and mailing address for MSC and FXCA. (*Id.*)

///

On May 13, 2022, Plaintiffs' counsel received the packages sent to Liu and FXCA back from the post office, with each marked as: "Return To Sender, Not Deliverable As Addressed, Unable To Forward." (*Id.* at ¶ 5 and Exhs. G and H.) Plaintiffs' counsel did not receive any response from MSC, nor was the package returned to me by the post office. (*Id.* at ¶ 5.) As of June 28, 2022, both MSC and FXCA still listed their principal and mailing address as 3300 Irvine Ave., Suite 220, Newport Beach, CA 92660, and Liu is still listed as the agent of service of process for MSC at the Irvine Avenue location. (*Id.* at ¶ 6.)

## LEGAL ARGUMENT

Federal Rule of Civil Procedure 4(h)(1)(A) allows for service on a domestic corporation in a federal judicial district of the United States "in the manner prescribed by Rule 4(e)(1) for serving an individual." Federal Rule of Civil Procedure 4(e)(1) provides that "an individual … may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Federal Rules of Civil Procedure 4(e)(1) and (h)(1)(A) authorize plaintiffs to utilize any approved method of service that would have been recognized as providing sufficient notice had the case originally been brought in the state court located in the same federal judicial district where the action was filed.

### I. Defendants MSC and FXCA

California Code of Civil Procedure section 416.10 permits service of a summons on a "by delivering a copy of the summons and the complaint … [i]f authorized by any provision in Section 1701, 1702, 2110, or 2111 of the Corporations Code … as provided by that provision." Cal. Code Civ. Proc. § 416.10(d). California Corporations Code section 1702 allows for service of a corporation registered in California by hand delivery upon the California Secretary

of State, or to any person employed in the Secretary of State's office in the capacity of assistant or deputy, if the court is satisfied that "the agent designated cannot with reasonable diligence be found at the address designated for personally delivering the process[.]" Cal. Corp. Code § 1702(a).

To make such a showing, the plaintiff must show by "affidavit to the satisfaction of the court that process against a domestic corporation cannot be served with reasonable diligence upon the designated agent by hand in the manner provided in Section 415.10 [service by personal delivery], subdivision (a) of Section 415.20 [service on person with apparent authority in a dwelling or usual place of abode or business] or subdivision (a) of Section 415.30 [service by first class mail] of the Code of Civil Procedure or upon the corporation in the manner provided in subdivision (a), (b) or (c) of Section 416.10 [service upon registered agent or certain senior executives identified by the Code] or subdivision (a) of Section 416.20 [service upon trustee, stockholder, or member of a forfeited or dissolved corporation] of the Code of Civil Procedure." *Id.*

"Reasonable diligence is determined by the circumstances; there is 'no single formula' that constitutes diligence." *Gnathonic, LLC v. Dingman*, No. 19-cv-01502-VAP-SSx, 2019 WL 13166751, at *3 (C.D. Cal. Oct. 2, 2019), *quoting Donel, Inc. v. Badalian*, 87 Cal.App.3d 327, 333 (1978). "The analysis focuses 'simply [on] whether [plaintiff] took those steps which a reasonable person who truly desired to give notice would have taken under the circumstances.'" *Gnathonic, LLC*, 2019 WL 13166751, at *3, *quoting Donel*, 87 Cal.App.3d at 333. Good faith attempts to effectuate service of process "requires more than a single attempt to effectuate service." *Gnathonic, LLC*, 2019 WL 13166751, at *3, *citing Giorgio v. Synergy Mgmt. Grp., LLC*, 231 Cal.App.4th 241, 248-249 (2014); *see also Estate of Smith v. City of San Diego*, No. 16-cv-2989-WQH-MDDx, 2017 WL 3175975, at *4 (S.D. Cal. 2017) (finding that verification of address and exhaustive attempts to locate and serve defendant by mail rise to reasonable

diligence); *Roland Corp. v. Wirges Percussion Sys. LLC*, No. CV 08–4785 GAF (MANx), 2008 WL 11340331, at *2 (C.D. Cal. Dec. 10, 2008) (finding that the plaintiff had exercised reasonable diligence after "continuous" attempts to complete service on the defendant and engaging in an investigation of the defendants whereabouts and contact information without success.)

If such a showing of reasonable diligence is made, "the court may make an order that the service be made upon the corporation by delivering by hand to the Secretary of State, or to any person employed in the Secretary of State's office in the capacity of assistant or deputy, one copy of the process for each defendant to be served, together with a copy of the order authorizing such service." Cal. Corp. Code § 1702(a). "Service in this manner is deemed complete on the 10th day after delivery of the process to the Secretary of State." *Id.*

Plaintiffs have made seven attempts to serve MSC and FXCA at the business address listed for each corporation to no avail. (Schechter Decl., ¶¶ 2-3.) In every instance the process server found an empty office with no one present. (*Id.*, Exhs. A-B.) Plaintiffs have attempted to serve Liu, who is also the registered agent for service of process, the CEO, CFO, Director, and Secretary for MSC, without success. (*Id.* at ¶¶ 2-3) Plaintiffs have investigated Liu's whereabouts but have been unsuccessful at locating any address or contact information for him other than the Irvine Ave. address, which is the only address provided on the California Secretary of State's website. (*Id.* at ¶¶ 4, 6-7.) Plaintiffs also attempted service of process by first class mail at the business address for both companies as authorized by the Federal Rules of Civil Procedure, but the papers were either returned as undeliverable or no response was received. (*Id.*, at ¶¶ 4-5 and Exhs. D, E, and H.)

Plaintiffs have exercised reasonable diligence in attempting to serve MSC and FXCA. Plaintiffs are out of options. Plaintiffs respectfully request an order permitting them to serve MSC and FXCA via hand service on the California Secretary of State's Office as set forth in Corporations Code section 1702(a).

## II. Defendant Peijie Liu

California Code of Civil Procedure section 415.50 allows for service via publication. The Code provides that "[a] summons may be served by publication if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner specified in this article" (Cal. Code Civ. Proc. § 415.50(a)), so long as "[a] cause of action exists against the party upon whom service is to be made." Cal. Code Civ. Proc. § 415.50(a)(1).

If the Court deems service by publication appropriate, "[t]he court shall order the summons to be published in a named newspaper, published in [California], that is most likely to give actual notice to the party to be served." Cal. Code Civ. Proc. § 415.50(b). The publication of notice "shall be once a week for four successive weeks," unless the court orders publication for a longer period, and "[t]he period of notice commences with the first day of publication and terminates at the end of the twenty-eighth day, including therein the first day." Cal. Gov. Code § 6064. Service shall be "deemed complete" following completion of the publication procedure. *Id.*

As set forth above, Plaintiffs have exercised reasonable diligence in attempting to serve Liu, both in his corporate capacity with MSC and by extension in his individual capacity, without success. (Schechter Decl., ¶¶ 3-5 and Exhs. C, F, and G.) Service by publication is appropriate under these circumstances. *Roland Corp.*, *supra*, 2008 WL 11340331, at *2.

Plaintiffs also request that the Court extend the time for service of process on Liu under Federal Rule of Civil Procedure 4(m) to facilitate service by publication or by other means. California grants courts "broad discretion to allow parties to use alternative service methods: 'Where no provision is made in this chapter or other law for the service of summons, the court in which the action is pending may direct that summons be served in a manner which is reasonably

calculated to give actual notice to the party to be served and that proof of such service be made as prescribed by the court.'" *Gnathonic, LLC*, *supra*, 2019 WL 13166751, at *1, *quoting* Cal. Civ. Proc. Code § 413.30. The Ninth Circuit has endorsed a similar view and allowed service of process through email for a defendant located outside the United States. *See Rio Properties, Inc. v. Rio International Interlink*, 284 F.3d 1007 (9th Cir. 2002).

Since *Rio Properties*, courts in the Ninth Circuit have construed Section 413.30 "as authorizing service by email where email service is reasonably calculated to give actual notice to the party to be served, particularly where there is evidence that the defendant is evading service." *Cisco Sys., Inc. v. Shaitor*, No. 18-CV-00480-LB, 2018 WL 3109398, at *3 (N.D. Cal. June 25, 2018); *see also Gnathonic, LLC*, 2019 WL 13166751, at *4 (permitting service by email where the defendant could not be located for service of process by typical methods and it was shown by sufficient evidence that he was "monitoring" the email address that plaintiff's counsel had used to contact him.)

Extending the time for service on Liu would allow for not only a full and complete opportunity to serve by publication but also the possibility that Plaintiffs learn more information about Liu's whereabouts or contact information through discovery or further investigation. For example, the only person who Plaintiffs are aware of that has had any contact with Liu in the recent past is Defendant Jian He. Through written discovery and deposition testimony from Mr. He, Plaintiffs may learn additional information leading to the whereabouts or contact information for Liu. If such information is revealed or uncovered, Plaintiffs can attempt service through the typical methods for completing service or any alternative methods for effectuating service that may present themselves. Should a non-typical method for service arise, such as by email on Liu (especially if Plaintiffs learn he is located outside of the United States), Plaintiffs would likely seek an order authorizing

service by email.  Plaintiffs would need additional time to pursue a non-typical method service, such as email, and time to raise the issue to the Court.

Plaintiffs request that the Court grant their request for a time extension of forty-five (45) days so that Plaintiffs may attempt service by publication and to allow more time for Plaintiffs to potentially uncover the means to complete service.

## CONCLUSION

Plaintiffs respectfully request that the Court grant an order permitting service of process on the California Secretary of State's Office for MSC and FXCA.  Plaintiffs also respectfully request that the Court permit Plaintiffs to effectuate service of process on Peijie Liu via publication and extend the time for service by forty-five days.

DATED:  June 30, 2022

McMANIS FAULKNER

*/s/ Matthew Schechter*
PATRICK HAMMON
MATTHEW SCHECHTER
ANDREW PARKHURST

Attorneys for Plaintiffs,
METAQUOTES LTD. and
METAQUOTES SOFTWARE CORP.