UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| METAQUOTES LTD. et al., <br><br> Plaintiffs, <br><br> v. <br><br> METAQUOTES SOFTWARE CORP. et al., <br><br> Defendants. | Case No. 8:22-cv-00462-SB-DFM <br><br> ORDER TO SHOW CAUSE RE: CONTEMPT |

On December 1, 2022, Plaintiffs filed an ex parte application for an order to show cause why Defendant Jian He should not be subject to contempt sanctions for violating the Court's asset freeze orders. Dkt. No. 87. Courts have inherent power to enforce compliance with their lawful orders through civil contempt. *Shillitani v. United States*, 384 U.S. 364, 370 (1966). When a party violates a court order, the court may use its civil contempt powers both to coerce the party into compliance and to compensate the opposing party for losses sustained as a result of the violation. *Shell Offshore Inc. v. Greenpeace, Inc.*, 815 F.3d 623, 629 (9th Cir. 2016).

The Court's March 30, 2022 temporary restraining order (TRO) prohibited Defendant He from "transferring or disposing of any money or other assets owned or controlled by . . . Jian He until expiration of this TRO or further order of this Court." Dkt. No. 18 at 10. That asset freeze was continued in the Court's April 27 preliminary injunction order, which remains in effect. *See* Dkt. No. 57 at 10 (prohibiting Defendant He "from transferring or withdrawing of any money or other assets accessible to him, or that are owned or controlled by him, including, but not limited to assets held in a bank accounts or kept in safety deposit boxes with any bank or other similar institution" subject to limited carve out for monthly personal expenses). Plaintiffs in their application produce evidence suggesting that Defendant He transferred and disposed of hundreds of thousands of dollars in early

1

April 2022, starting on the day he was served with the TRO prohibiting such transfers. Thus, it appears that Defendant He may have willfully violated the Court's order, such that civil contempt sanctions may be appropriate. Plaintiffs request that Defendant He be ordered to produce bank records, disclose account information, post a bond, produce his tax returns and social security number, and pay compensatory sanctions to Plaintiffs. Defendant He has not responded to Plaintiffs' ex parte application.

Accordingly, Defendant He is ORDERED to show cause at an in-person hearing on December 20, 2022, at 8:30 a.m. in Courtroom 6C why he should not be subject to contempt sanctions for violating the asset freeze provision of the Court's TRO (which continues in effect through the preliminary injunction). Defendant He shall file a written response to this order to show cause no later than December 12, 2022 at 5:00 p.m. Plaintiffs may file a reply by December 15, 2022 at 5:00 p.m.

Date: December 5, 2022

Stanley Blumenfeld, Jr.
United States District Judge