UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

METAQUOTES LTD. et al.,

      Plaintiffs,

v.

METAQUOTES SOFTWARE CORP. et al.,

      Defendants.

Case No. 8:22-cv-00462-SB-DFM

ORDER AWARDING ATTORNEY'S FEES

On December 20, 2022, the Court found Defendant Jian He in contempt of Court and ordered, among other things, that Defendant He "shall pay to Plaintiffs their reasonable attorney's fees incurred in initiating and litigating this contempt proceeding in an amount to be determined by the Court after reviewing the parties' further submissions." Dkt. No. 98 at 2.[1] The Court ordered Plaintiffs to file a detailed declaration and billing documentation to support their fee request. Plaintiffs timely filed their declaration, seeking reimbursement of $16,812.50 in attorney's fees. Dkt. No. 100. Defendant He filed a short opposition objecting to Plaintiffs' counsel's billing rates and the hours they spent. Dkt. No. 103.

When a court determines that a party is entitled to an award of attorney's fees, including as part of a civil contempt order, it must determine the reasonable amount of fees to award by first calculating the "lodestar." *Innovation Ventures, LLC v. Distrib., Inc.*, No. 12-cv-00717-AB, 2015 WL 5319815, at *2 (C.D. Cal. Apr. 29, 2015). The "lodestar" is calculated by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate, resulting in a figure that is "presumptively reasonable." *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996). The court must then determine whether to adjust the lodestar figure based on a variety of factors such as the time and labor required and the experience, reputation, and ability of the attorneys, to the extent those factors were not already included in the court's initial determination. *Id.* at 363–64 & nn. 8, 9.

---

[1] The Court provided a fuller explanation of its basis for finding Defendant He in contempt in a supplemental order on January 12, 2023. Dkt. No. 109.

As documented in a reasonably detailed table, Plaintiff seeks payment for 33.4 total hours of attorney time spent in connection with the sanctions motion. Dkt. No. 100-1.  The bulk of this time—25.1 hours—was billed by associate Andrew Parkhurst at a rate of $450 per hour.  Partner Matthew Schechter billed 3.9 hours at a rate of $625 per hour.  Partner Patrick Hammon billed the remaining 4.4 hours at a rate of $700 per hour.  6.2 hours of the billed time (3.1 hours each for Hammon and Parkhurst) was for attending the contempt hearing, and the remaining 27.2 hours were spent drafting and revising the motion for contempt, reply, and related documents and preparing for the hearing.  Plaintiffs appear to have contained costs by using associate Parkhurst to perform most of the initial work, with more limited review by the partners.  There is also some evidence that Plaintiffs exercised billing judgment in this matter.  For example, Parkhurst billed 1.2 hours for conferring with Hammon and Schechter the day before the hearing, but neither Hammon nor Schechter billed for that time.  Plaintiffs do not seek reimbursement for counsel's travel time and expenses for the hearing, so Defendant He is not being asked to bear the additional cost of Plaintiffs' decision to retain counsel based in San Jose.

Defendant He objects that "[t]he working hours are too long.  There are a few word documents in total.  I don't know why it took more than 30 hours of working time for the opposing lawyer."  Dkt. No. 103 at 2.  Defendant He does not identify any particular instances of billing that he deems inappropriate.  Plaintiffs filed more than 30 pages of briefing and hundreds of pages of exhibits in connection with their contempt motion.  They also reasonably prepared to cross-examine not only Defendant He but also Defendant's witness Sumao Wang, who was expected to testify at the hearing but failed to appear.  Based on the Court's review of the filings in this case and Plaintiffs' billing records, it was reasonable for Plaintiffs to spend 33.4 hours of attorney time preparing the documents filed in connection with their motion for contempt sanctions and preparing for and attending the evidentiary hearing.

Defendant He also challenges the reasonableness of Plaintiffs' counsel's rates.  Plaintiffs produce a declaration that its rates are regularly charged to and paid by fee-paying clients.  Dkt. No. 100 at 3.  Patrick Hammon, who charges $700 per hour, received his law degree in 2007 and joined McManis Faulkner as a partner in 2009 after working at Skadden, Arps, Slate, Meagher & Flom LLP. Matthew Schechter, who bills at $625 per hour, received his law degree in 1996 and has practiced at McManis Faulkner for more than two decades:  as an associate starting in 2002 and as a partner since 2010.  Andrew Parkhurst, who bills at $450,

has been an associate at McManis Faulkner for five years and is also a Lieutenant in the Judge Advocate General's Corps, United States Navy Reserve.  Defendant He argues conclusorily that these rates are too high because "[t]he average level of lawyer fees in California is $90–$483 per hour."  Dkt. No. 103 at 2.  Defendant He produces no support for this assertion, nor any suggestion that it reflects the average rates presently charged by similarly experienced counsel in the Los Angeles market[2] in similar cases.  Based on the Court's experience with the billing practices of the attorneys frequently appearing before it, the rates charged by McManis Faulkner appear to be reasonable and consistent with the rates commonly charged by similarly experienced counsel for similar work in this market.

Accordingly, the $16,812.50 requested by Plaintiffs reflects the lodestar figure for the work reasonably done in connection with Plaintiff's contempt motion.  Neither party suggests any reason for departing from the presumptively reasonable lodestar in this case, and the Court finds no basis for a departure.  *See Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554 (2010) (noting the "'strong presumption' that the lodestar figure is reasonable," which may be overcome only "in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee").

For the reasons stated in this order and in the Court's orders finding Defendant He in contempt, the Court ORDERS Defendant Jian He no later than March 1, 2023, to pay to Plaintiffs MetaQuotes Ltd. and MetaQuotes Software Corp. the sum of $16,812.50 to reimburse their reasonable attorney's fees incurred in connection with their contempt motion.

Date: January 30, 2023

_____
Stanley Blumenfeld, Jr.
United States District Judge

---

[2] The relevant market for purposes of the lodestar analysis is typically the community in which the district court sits unless local counsel is unavailable. *Schwarz v. Sec'y of Health & Hum. Servs.*, 73 F.3d 895, 906–07 (9th Cir. 1995). Plaintiffs do not suggest that their decision to hire counsel based in San Jose was necessitated by the unavailability of suitable counsel in Los Angeles.