UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| METAQUOTES LTD. et al.,<br><br>　　　Plaintiffs,<br><br>　v.<br><br>METAQUOTES SOFTWARE CORP. et al.,<br><br>　　　Defendants. | Case No. 8:22-cv-00462-SB-DFM<br><br>ORDER SUPPLEMENTING CONTEMPT ORDER |

　　　On December 20, 2022, the Court found Defendant Jian He in contempt of Court and ordered him, among other things, to produce certain financial information to Plaintiffs. Dkt. No. 98 at 2.[1] The Court deferred ruling on two remedies requested by Plaintiffs: (1) requiring Defendant He to disclose his social security number (SSN), tax identification number (TIN), or other identification numbers he used to open bank and financial accounts and (2) requiring Defendant He to post a $330,000 bond. The Court allowed Plaintiffs to file a supplemental memorandum providing legal authority to support the first request and allowed Defendant He to respond. Plaintiffs filed their supplement, citing cases that have ordered disclosure of SSNs and similar identifying information. Dkt. No. 101. Defendant He filed a short response, devoid of legal authority, arguing that he should not have to disclose his SSN because Plaintiffs earned profit and did not suffer any loss from the conduct alleged in this case. Dkt. No. 104.

　　　Following a further dispute about Defendant He's failure to turn over all the account information ordered by the Court, Plaintiffs filed a status report on January 31, 2023, indicating that Defendant's production continues to be deficient. Dkt.

---

[1] The Court provided a fuller explanation of its basis for finding Defendant He in contempt in a supplemental order on January 12, 2023. Dkt. No. 109.

No. 116.  Plaintiffs noted that their requests to require Defendant He to disclose his SSN and post a bond remain outstanding.

When it is necessary to obtain other relevant evidence, courts frequently require the disclosure of SSNs and other personal identification information, particularly the information of the parties.  See *Pearson v. Heavey*, No. 96 CIV. 3863, 1997 WL 159656, at *1 (S.D.N.Y. Apr. 3, 1997) (explaining that the court ordered disclosure of defendant's SSN because "it could lead to the discovery of evidence concerning the background of the defendant which may be relevant on the issue of liability or to the defendant's ability to pay an award of punitive damages which the plaintiff seeks"); *Karn v. PTS of Am., LLC*, No. GJH-16-3261, 2021 WL 307412, at *5 (D. Md. Jan. 29, 2021) ("Courts have routinely ordered plaintiffs to disclose their social security numbers when that information has some relevance to a claim, or defense, in the litigation."); *Saunders v. Knight*, No. CV F-04-5924, 2007 WL 1287901, at *2 (E.D. Cal. Apr. 30, 2007) ("Plaintiff's social security number and home address constitute basic identifying information about her, which may assist third party repositories in locating data or documentary information[.]"); *Gober v. City of Leesburg*, 197 F.R.D. 519, 521 n.2 (M.D. Fla. 2000) ("[T]he discovery of background information such as name, address, telephone number, date of birth, driver's license number, and social security number is considered routine information in almost all civil discovery matters.").  Defendant He cites no contrary authority suggesting that it would be improper for the Court to order him to disclose his SSN, subject to appropriate protections.

Moreover, Plaintiffs represent that when they sought Defendant He's bank records and other documents through third-party subpoenas, they were told on multiple occasions that records could not be located without additional identifying information such as the accountholder's SSN or TIN.  Dkt. No. 101 at 4.  The record in this case strongly suggests that Defendant He consistently has not been forthcoming in identifying all the assets and accounts to which he has had access, despite being ordered to do so.  Thus, requiring Defendant He to disclose his identifying information likely provides the only avenue for Plaintiffs to obtain the financial records Defendant He has failed to produce.  Although discovery has closed, the financial records are relevant to Defendant He's compliance with the Court's contempt order.  Accordingly, the Court ORDERS Defendant He no later than one day after this order is entered to disclose to Plaintiffs his SSN (if he has one), his TIN (if he has one), and any other personal identification number he has

used to open any financial or bank account that he has used since January 2021.[2] Plaintiffs are ORDERED to treat this information as confidential and not to use or disclose it for any purpose other than obtaining financial records and locating Defendant He's assets.

On this record, the Court declines to order Defendant He to post a bond at this time, but it may reconsider the issue in connection with its contempt ruling if it appears that Defendant He continues to disregard the Court's orders.

IT IS SO ORDERED.


Date: February 8, 2023

                                             Stanley Blumenfeld, Jr.
                                             United States District Judge

---

[2] Defendant He should *not* file this information with the Court; he must provide it directly to Plaintiffs' counsel.