UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| METAQUOTES LTD. et al., | Case No. 8:22-cv-00462-SB-DFM |
| Plaintiffs, |  |
| v. | ORDER TO SHOW CAUSE RE CONTEMPT |
| METAQUOTES SOFTWARE CORP. et al., |  |
| Defendants. |  |

Plaintiffs MetaQuotes Software Corp. (MSC) and MetaQuotes, Ltd. filed this trademark infringement suit against several Defendants, including an entity registered in California with the same name as MSC (Fake MSC) and Jian He, the individual who incorporated Fake MSC. Jian He is the only Defendant who appeared. After a bench trial, the Court found that Defendant He had fraudulently impersonated Plaintiffs to obtain customer payments for Plaintiffs' services. Among other things, the Court found that "[t]here is no credible evidence in the record that anyone other than Defendant He was involved in the California transactions involving [Fake MSC] that Defendant He incorporated." Dkt. No. 165 at 8. Following the trial, on August 4, 2023, the Court granted default judgment against Fake MSC and ordered that "[w]ithin 90 days after being served with a copy of this order, Defendant MetaQuotes Software Corp. must remove all records containing 'MetaQuotes Software' from the California Secretary of State business registry." Dkt. No. 175 at 6; Dkt. No. 176 at 2 (Final Judgment).

Fake MSC has not complied; its records on the Secretary of State's registry remain unchanged. After an initial procedurally flawed attempt to hold Defendant He in contempt for Fake MSC's failure, *see* Dkt. No. 180 (order denying Plaintiffs' motion for order to show cause), Plaintiffs served the takedown order on Fake MSC via the Secretary of State, as permitted by the Court, Dkt. Nos. 182, 193-7.

The 90-day period has since passed, and Fake MSC still has not complied with the order or otherwise responded to Plaintiffs.  Plaintiffs therefore filed an ex parte application for the Court to set a hearing on an order to show cause (OSC) why Fake MSC should not be held in contempt.  Dkt. No. 193.  In addition to monetary sanctions, Plaintiffs request an order requiring either Defendant He or Plaintiffs to take down Fake MSC's records from the Secretary of State's website.  *See* Fed. R. Civ. P. 70(a) ("If a judgment requires a party . . . to perform any . . . specific act and the party fails to comply within the time specified, the court may order the act to be done—at the disobedient party's expense—by another person appointed by the court.  When done, the act has the same effect as if done by the party.").

Because Fake MSC has not complied with the Court's order to take down its infringing records on the California Secretary of State's website, Fake MSC is ordered to show cause at a hearing in Courtroom 6C on May 31, 2024 at 8:30 a.m. why it should not be held in contempt for violating the Court's order and why the Court should not order the relief requested by Plaintiffs.  Fake MSC shall file a written response to this OSC no later than May 20, 2024.  Plaintiffs may file a reply no later than May 22, 2024.

Plaintiffs shall promptly serve this order on Fake MSC by hand delivery to the Secretary of State, or to any person employed in the Secretary of State's office in the capacity of assistant or deputy.  Plaintiffs shall also serve the motion by email on Defendant He, who is at least a former agent of Fake MSC.[1]

---

[1] Plaintiffs devote much of their motion to Defendant He's inconsistent statements, which range from claiming to have no further relationship to Fake MSC to claiming to be able to take down the filings but for his inability to pay for tax returns he claims are necessary.  The subject of this OSC, however, is Fake MSC, not Defendant He personally.  While it is premature to make final decisions about remedies on the assumption (however likely) that Fake MSC will not respond or appear at the OSC hearing, the Court expects that an order authorizing Plaintiffs on Fake MSC's behalf to remove the infringing content from the Secretary of State's website would be more efficacious and less costly to Plaintiffs than a similar order directed at Defendant He.  *Cf. Lightstorm Ent., Inc. v. Cummings*, No. 2:20-CV-08044-ODW, 2021 WL 4134057, at *2 (C.D. Cal. Sept. 10, 2021) (noting that court authorized opposing counsel's firm under Rule 70(a) to carry out court's order to withdraw fraudulent forms filed with the California Secretary of State where enjoined party had not complied).  Defendant He may appear at the OSC

Plaintiffs shall file proof of service in compliance with this order no later than May 10, 2024.

Date: May 2, 2024

_____
Stanley Blumenfeld, Jr.
United States District Judge

---

hearing if he so wishes, but the Court does not order him to appear in his individual capacity.